James McGRAW

v.

STATES MARINE LINES,

v.

UNITED STATES of America.

Civ. A. No. 40170.

United States District Court,
E. D. Pennsylvania.

March 5, 1971.

Arnold Levin, Philadelphia, Pa., for plaintiff.

William Larsen, Philadelphia, Pa., for States Marine Lines.

Barry W. Kerchner, Philadelphia, Pa., for United States.

MASTERSON, District Judge.

In this case plaintiff McGraw sued defendant, States Marine Lines, for injuries sustained on a U. S. Navy launch which was transporting plaintiff from defendant's ship to shore. Defendant joined the United States as third-party defendant and the plaintiff's case was tried to a jury. During the trial we found as a matter of law that the launch was an appurtenance of defendant's ship and that if the launch were unseaworthy the defendant's ship must be considered unseaworthy. On special interrogatories to the jury, the jury found that the launch was unseaworthy, that it was negligently operated, that such unseaworthiness and negligence was a proximate cause of plaintiff's injuries and that plaintiff's own negligence contributed to his injuries by 20%. The jury awarded plaintiff $4,800. The defendant and third-party defendant then tried the third-party case to the Court.

Defendant alleges that it is entitled to be indemnified in full from third-party defendant, and that such indemnity should include the amount of the judgment recovered by plaintiff, plus reasonable counsel fees and expenses incurred in defending this suit. It is clear that if there were an express contract between defendant and third-party defendant and that third-party defendant would supply a launch service to defendant, that defendant would be entitled to the indemnity it is seeking. *See* Moore-

McCormack Lines, Inc. v. Boston Line & Service Co., 286 F.Supp. 399 (D.Mass. 1968). However, although there was no express contract in this case with respect to the launch service, there was an implied contract in fact to supply a launch. Such a contract, whether express or implied, would implicitly require that the launch supplied be operated safely. Accordingly, we make the following

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

1. Plaintiff, James William McGraw, was a member of the crew of the SS "Pelican State".

2. The SS Pelican State, owned by third-party plaintiff, States Marine Lines, took on a full cargo of ammunition at Port Chicago, California, from June 18, 1965 to July 8, 1965. Said cargo was to be delivered to the United States Naval Base at Subic Bay in the Philippine Islands.

3. Since there was only one ammunition pier at Subic Bay, the Pelican State and other ships carrying ammunition were required to drop anchor in Subic Bay.

4. The United States Navy supplied to the Pelican State and other ships in the bay carrying military cargo a launch service to transport ship personnel from ship to shore and back.

5. The Pelican State was supplied by the Navy with a schedule of launch service and under that schedule naval launches on several occasions called on the Pelican State.

6. The United States Navy impliedly agreed with the Pelican State to supply a launch service.

## CONCLUSIONS OF LAW

1. The third-party defendant, the United States, must indemnify third-party plaintiff, States Marine Lines, for the judgment recovered against third-party plaintiff and for reasonable counsel fees and expenses.